Bernard Ryan, P. J.
Prior to his retirement as a Judge of this court, Judge Sylvester granted an order for the examination before trial of the employees of the State of New York employed at Kings Park State Hospital and the examination was begun before a notary public on February 24, 1956. Two witnesses appeared. During the course of the examination of the first witness, Dr. George Yolow, he was interrogated as to reports made concerning the accident that occurred to the claimant by a series of questions to each of which an objection was made by the assistant attorney-general and none of which questions was answered. The reason that none of the questions was answered was that the assistant attorney-general claimed privilege and instructed the witness not to answer. Thereupon the attorney appearing on behalf of the claimant said: “ We will adjourn the examination of Dr. Yolow until such time as it may possibly be necessary to recall him.” To which the assistant attorney-general replied: “ All right.”
*936 Dr. Seymour Leven was then sworn and testified about several matters. However, Dr. Leven was not asked any questions about reports of the accident and no question of privilege as to his examination was raised.
The patient’s hospital record was produced, marked as an exhibit and the assistant attorney-general agreed to give the claimant’s counsel a photostatic copy of it “ as soon as the photographer prepares it.” Thereupon the following colloquy took place1 ‘ Mr. Eeich: In order to possibly curtail the length of the examination, as suggested at this time, due to the lateness of the hour, we adjourn this examination without waiving any of the claimant’s rights to the continuation of the examination, to the production of such other witnesses as may be necessary, so that I then may study this record and possibly shorten the extent of the inquiry. Do you concur, sir? Mr. Campbell: I concur.” The examination of Dr. Leven was suspended at that point.
Subsequently claimant’s counsel and the assistant attorney-general appeared informally before this writer at chambers and mutually requested an interpretation of Judge Syevesteb’s order with respect to Item 9 as detailed in the original notice for examination before trial. Under date of August 2, 1956 our opinion was rendered. We queried: “Do the reports of investigations, examination of which is sought by this claimant, fall in the category of privileged communications? ”
And, after reviewing authorities on the subject answered: “ The application of the claimant for an interpretation of the order, * * * which would require the witness or witnesses to answer the questions upon which the Attorney G-eneral has claimed privilege, is denied.”
We then stated: “ The examination before trial having been otherwise completed it should now be brought to a close, with a report made and the case prepared for trial when reached upon the calendar for the next regular term of Court in the New York District. Submit order accordingly.”
No order has been entered pursuant to our direction. After this present motion was noticed a proposed order was submitted. Its provisions are drastic beyond our intent and we have not signed it. The present motion asks for an order directing continued examination of the State of New York pursuant to the order of this court dated September 19, 1955, and specifically directing the State of New York, by named attendants other than Dr. Volow and Dr. Leven, to appear at a time and place to be fixed by the court, and for such other and further relief as to the court may seem just and proper in the premises.
*937 Whether or not the transcript of the examination so far as it was conducted on February 24, 1956 was presented to this writer, whether or not if it was so presented, this writer then examined its full content, cannot now be brought to mind. The appearance of counsel, when they requested an interpretation of Judge Sylvester’s order was altogether informal, there was a general discussion of the situation, and no stenographic reporter was present. Whatever transpired at that time, it now seems perfectly clear, after perusing the transcript of the hearing of February 24, .1956, that the examination before trial was not, in fact, completed. The examination of Dr. Volow was suspended because of the claim of privilege. The examination of Dr. Leven was suspended because of the lateness of the hour of the day. The record is clear that the assistant attorney-general concurred in such continuances. Therefore, this court was in error in its impression that the examination had been completed and in its statement to that effect.
However, all that this court has ruled is that any report which reflects the work product of the attorney in this case is privileged and the results of such work product need not be disclosed. Otherwise the claimant should not be curtailed in his investigation and examination so far as they are relevant to preparation for trial.
The motion is granted. Enter order accordingly.